FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
25 JAN 17 AM 10: 36

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________
(To be supplied by the court)

ALLISON STANTON, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
✓ **Yes** ___ **No**

ODIN NEW HORIZON REAL ESTATE, LP

______________________,

______________________,

______________________, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

ALLISON STANTON 16622 E. Asbury Ave Aurora CO 80013
(Name and complete mailing address)

719.642.0827 allee.stanton@gmail.com
(Telephone number and e-mail address)

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: ODIN NEW HORIZON REAL ESTATE LLC
(Name and complete mailing address)

____________________
(Telephone number and e-mail address if known)

Defendant 2: ____________________
(Name and complete mailing address)

____________________
(Telephone number and e-mail address if known)

Defendant 3: ____________________
(Name and complete mailing address)

____________________
(Telephone number and e-mail address if known)

Defendant 4: ____________________
(Name and complete mailing address)

____________________
(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

5th Amendment is violated by depriving me of property without due process of law. 14th Amendment - Violation of Equal Protection or due process

___ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of ______________________.

If Defendant 1 is an individual, Defendant 1 is a citizen of ______________________.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of ______________________ (name of state or foreign nation).

Defendant 1 has its principal place of business in ______________________ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: ______________________________

Supporting facts: SEE ATTACHED.

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."* SEE ATTACHED

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Allen Stark
(Plaintiff's signature)

1/17/2025
(Date)

(Revised February 2022)

this case needs to be dismissed as it is in Federal Court
case # 1:24-cv 02280-NYW-KAS

IN THE COUNTY COURT OF ARAPAHOE COUNTY, COLORADO

**Case No.: 2024C51901**
**Division: A1**

Filed
JAN 13 2025
CLERK OF THE COMBINED COURT
ARAPAHOE COUNTY, COLORADO

**Plaintiff(s):** Odin New Horizon Real Estate Fund, LP
**v.**
**Defendant(s):** Allison Stanton, Unapologetic Ministries Revocable Living Trust, et al.

---

## DEFENDANTS' MOTION TO QUASH JUDGMENT AND MOTION TO STAY EXECUTION

**TO THE HONORABLE COURT:**

COMES NOW, Defendants, Allison Stanton and Unapologetic Ministries Revocable Living Trust ("Defendants"), pro se, and respectfully submit this **Motion to Quash Judgment and Motion to Stay Execution of Writ of Restitution**. This motion seeks to vacate the judgment entered on January 3, 2025, in favor of Plaintiff, Odin New Horizon Real Estate Fund, LP ("Plaintiff"), and to stay execution of the Writ of Restitution pending resolution of Defendants' equitable defenses and claims.

Defendants also notify the **Attorney General of Colorado** and the **Supreme Court of Colorado** of systemic issues implicated by Plaintiff's disregard of secured rights and procedural safeguards, which threaten public confidence in the foreclosure and eviction process.

---

## I. INTRODUCTION

Defendants hold a **valid and perfected Uniform Commercial Code (UCC) lien** on the property located at 16622 E Asbury Ave, Aurora, CO. This lien predates the foreclosure and establishes Defendants' superior priority interest under **UCC Article 9 (§ 9-322)**. Plaintiff failed to resolve or even address this lien before seeking possession, violating fundamental equity principles.

Furthermore, Plaintiff's misuse of the name and intellectual property of "Unapologetic Ministries Revocable Living Trust" has caused substantial reputational and financial harm to Defendants.

Without a stay of execution, Defendants face immediate and irreparable harm, including unlawful dispossession of the property, disruption of the Trust's operations, and loss of secured rights. Equity demands relief to prevent injustice and preserve the status quo.

---

## II. MOTION TO STAY EXECUTION

### 1. Legal Basis for Stay

Defendants request a stay of execution under the Court's equitable authority and Colorado law, which permit the Court to pause enforcement actions to prevent irreparable harm and ensure a fair adjudication of rights.

### 2. Grounds for Stay

1. **Irreparable Harm:**
   - Defendants will suffer immediate and irreparable harm if the Writ of Restitution is executed, including:
     - Loss of secured property rights under the UCC lien.
     - Disruption of the Trust's operations and charitable activities.
     - Reputational and financial damage from Plaintiff's misuse of intellectual property.
   - These harms cannot be remedied through monetary damages alone.
2. **Preservation of the Status Quo:**
   - A stay is necessary to maintain the status quo while the Court evaluates the merits of Defendants' claims. Allowing execution would render judicial review meaningless and irreparably prejudice Defendants.
3. **Likelihood of Success on the Merits:**
   - Defendants have raised substantial claims, including:
     - The superior priority of the UCC lien.
     - Procedural deficiencies in Plaintiff's service of process.
     - Plaintiff's unclean hands, including intellectual property misuse and bad faith conduct.
   - These claims are legally and equitably sound, warranting a stay.
4. **Balancing of Equities:**
   - Plaintiff will not suffer substantial harm from a temporary stay. In contrast, Defendants face irreparable harm without relief.

---

## III. LEGAL AND EQUITABLE ARGUMENTS

### 1. Superior Rights Under UCC Lien

- Defendants' UCC lien was properly perfected and recorded prior to Plaintiff's foreclosure. Under **UCC § 9-322**, a perfected lien takes priority over subsequent claims, including foreclosure-derived ownership.
- The maxim **"Where equities are equal, the first in time prevails"** compels the Court to recognize and enforce the Trust's superior interest.

- Plaintiff's failure to resolve or even acknowledge this lien before pursuing possession violates equity and fairness.

**2. Procedural Deficiencies**

- Plaintiff's reliance on service by posting under **C.R.S. § 13-40-112(2)** was improper:
  - Plaintiff failed to exercise "due diligence" in attempting personal service, as required by law.
  - Minimal attempts and a single interaction via video doorbell do not meet statutory requirements, depriving Defendants of their due process rights.

**3. Plaintiff's Unclean Hands**

- Plaintiff engaged in inequitable conduct by:
  - Disregarding the Trust's superior secured interest.
  - Misusing the Trust's intellectual property, causing reputational harm and economic loss.
  - Proceeding in bad faith by failing to resolve these issues before initiating eviction.
- The maxim **"He who seeks equity must do equity"** bars Plaintiff from obtaining relief under these circumstances.

**4. Irreparable Harm and Public Interest**

- Execution of the judgment would cause irreparable harm, including:
  - Unlawful dispossession of property rights.
  - Loss of financial and reputational standing.
  - Disruption of the Trust's charitable and operational activities.
- Public confidence in foreclosure and eviction processes depends on courts respecting secured rights and enforcing procedural safeguards. The Court's intervention is necessary to uphold these principles.

---

## IV. RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Honorable Court:

1. **Stay Execution of the Writ of Restitution** pending resolution of Defendants' claims;
2. **Quash the Judgment** entered on January 3, 2025, as it disregards Defendants' superior equity interest and procedural rights;
3. **Acknowledge and Affirm the Trust's UCC Lien** as the highest priority interest in the property;
4. **Award Damages for Intellectual Property Misuse**, including:
   - $50,000 in economic damages;
   - $100,000 in punitive damages.
5. Grant **Injunctive Relief** barring further misuse of the Trust's intellectual property; and

6. Provide such other and further relief as equity and good conscience require.

---

## V. NOTICE TO ATTORNEY GENERAL AND SUPREME COURT OF COLORADO

Defendants formally notify the **Attorney General of the State of Colorado** and the **Supreme Court of Colorado** of this case's broader implications for secured creditor rights, procedural fairness, and intellectual property protections. Defendants request oversight and intervention to ensure equitable resolution and uphold public confidence in Colorado's legal processes.

---

**DATED:** January 13, 2025

***/s/ Allison Stanton***
Allison Stanton
16622 E Asbury Ave
Aurora, CO 80013

**Unapologetic Ministries Revocable Living Trust**
Unapologetic Ministries Revocable Living Trust
16622 E Asbury Ave
Aurora, CO 80013

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion to Quash Judgment and Motion to Stay Execution** was served on January 13, 2025, via U.S. Mail and electronic service to:

**Halliday, Watkins & Mann, P.C.**
355 Union Blvd, Suite 250
Lakewood, CO 80228

**Attorney General of Colorado**
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Supreme Court of Colorado**
2 East 14th Avenue
Denver, CO 80203

***/s/ Allison Stanton***
Allison Stanton

1/16/25

SERVING WITH INTEGRITY
ARAPAHOE SHERIFF
SINCE 1858

Dear Tenant:

Judgment was recently entered against you in Arapahoe County Court. This civil action was brought against you by your landlord or property management company. The attached COURT ORDER, WRIT OF RESTITUTION commands me, as Sheriff, to remove you and all other occupants, furniture, clothing and all personal effects from your home, to the street.

Action of this nature has been affirmed by the Colorado Supreme Court in CHRISTENSEN vs. HOOVER, 643 P. 2d 525 (Colo 1982) which states:

"It is the officer's duty, however, not only to remove the tenant, but also to remove the tenant's personal property and effects from the premises. Upon execution of the Writ, the landlord obtains full possession of the premises…in carrying out the statutory duties an officer or sheriff is subject to a minimum standard of care. The sheriff is required to remove the tenant's chattels or property without damaging them more than is necessary to execute the Writ, consistent with the natural consequences of removal. The sheriff has no duty to safeguard the tenant's possession after a lawful eviction has occurred, even though he knows the tenant's belongings might be taken if they are left unattended. After the Writ has been executed and the landlord has regained possession of the premises, the sheriff's statutory duty has ended, and no liability for subsequent damage to the tenant's property can attach".

To avoid potential embarrassment, you are encouraged to immediately vacate the premises. This action, on your own, will assure you that your personal belongings and possessions are handled, protected and cared for by persons under your control.

Your immediate attention to this matter is strongly encouraged. For questions contact 720.874.3845.

Sincerely,

Tyler S. Brown
Sheriff, Arapahoe County

ARAPAHOE COUNTY
TYLER S. BROWN, SHERIFF
13101 E. Broncos Parkway • Centennial, CO 80112 • 720-874-3600
www.ArapahoeSheriff.org • Sheriff@arapahoegov.com
An Internationally Accredited Agency

644-~~65~~ 6355

acjcclerk@judicial.state.co.us

| | |
|---|---|
| County Court Arapahoe County, Colorado<br>1790 West Littleton Blvd, Littleton, CO 80120 | ISSUED BY COURT<br>01/08/2025<br>DATE FILED<br>January 8, 2025 10:54 AM<br>CASE NUMBER: 2024C051901<br>SKloek<br>SHANA KLOEK<br>Clerk of Court |
| Plaintiff: Odin New Horizon Real Estate Fund, LP<br><br>vs<br><br>Defendant(s): Allison Stanton and Unapologetic Ministries Revocable Living Trust and any and all occupants of 16622 E Asbury Ave, Aurora, CO 80013 | Case Number:<br>2024C051901<br><br>Division: A1 |

**WRIT OF RESTITUTION**

The People of the State of Colorado

To the Sheriff of Arapahoe County, Colorado:

Whereas, the above Plaintiff has obtained a judgment for possession as of January 3, 2025, against the above named Defendant(s) and any and all Occupants pursuant to the Colorado Forcible Entry and Unlawful Detainer (FED) statutes, C.R.S. § 13-40-101, et.seq. ordering possession or restitution of the premises located at:

LOT 3, BLOCK 9, KINGSBOROUGH FILING NO. 4, COUNTY OF ARAPAHOE, STATE OF COLORADO..

Purported common property address: 16622 E Asbury Ave, Aurora, CO 80013.

You are hereby ordered to remove the above-named Defendant(s) and any and all Occupants from the premises, remove all personal property from the premises, restore possession of the said premises to Plaintiff, with no move-out prior to January 13, 2025, and to make proper return according to law.

This Writ of Restitution shall remain in effect for 49 days after issuance and shall automatically expire thereafter.

☐This Writ of Restitution requires the removal of a mobile home from the premises pursuant to §38-12-208, C.R.S.

Dated: ______________________ BY THE COURT:

______________________________
County Court Judge

JAN15 '25 09:23

Surety Bond=Insurance if they swore an oath
Defaults=violation of oaths

**IN THE UNITED STATES DISTRICT COURT**

**ALLISON STANTON**
Plaintiff,

Civil Action No.

v.

**ODIN NEW HORIZON REAL ESTATE FUND, LP**
Defendant.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND ORDER TO SHOW CAUSE

### Plaintiff's Request for Emergency Relief

**Plaintiff**, ALLISON STANTON, hereby files this Emergency Motion for a Temporary Restraining Order (TRO) against Defendant, ODIN NEW HORIZON REAL ESTATE FUND, LP, and respectfully requests that the Court grant an immediate injunction preventing Defendant from evicting Plaintiff from the property located at 16622 E Asbury Aurora CO until the resolution of the pending legal claims in the Federal Case #1:24-CV-02280-NYW-KAS. In support of this Motion, Plaintiff states the following:

### I. INTRODUCTION

Plaintiff is currently a party in a federal lawsuit involving claims regarding the sale and transfer of real property. The Defendant, who is the buyer of the property, has initiated an eviction action against Plaintiff, seeking to remove Plaintiff from the property. Plaintiff contends that the eviction is premature and unjustified due to the ongoing federal litigation that could affect the legitimacy of the underlying sale. Therefore, Plaintiff requests an emergency temporary restraining order to prevent the eviction from taking place until this Court can rule on the merits of the federal claims.

### II. FACTUAL BACKGROUND

1. Plaintiff is the owner of the residential property located at 16622 E Asbury Avenue Aurora CO 80013 which is the subject of this dispute.
2. On [date], Plaintiff entered into a contract with Defendant for the sale of the property.
3. Subsequent to the execution of the sale agreement, Plaintiff filed a federal lawsuit against Defendant concerning issues related to the sale, including fraud, breach of contract, deceptive behavior, intimidation tactics.
4. Despite the pending litigation, Defendant has sought to evict Plaintiff from the property, claiming they are the new owners.
5. Plaintiff has been informed that Defendant intends to proceed with the eviction on any day now which would cause immediate and irreparable harm to Plaintiff's legal rights and interests in the ongoing federal case.

### III. ARGUMENT

#### A. Likelihood of Success on the Merits

Plaintiff is likely to succeed on the merits of the underlying federal lawsuit. Specifically, violation of tax laws, bankruptcy laws and constitutional protection, potential breaches of contract, fraud, or other claims that would affect the validity of the property sale.

#### B. Irreparable Harm

Plaintiff will suffer irreparable harm if the eviction is not immediately restrained. The eviction will result in Plaintiff losing possession of the property and potentially undermine the effectiveness of any judgment this Court may render in the pending federal lawsuit. Furthermore, Plaintiff will face significant hardship in securing alternative housing on such short notice, especially while the legal rights to the property remain in dispute.

#### C. Balance of Equities

The balance of equities strongly favors Plaintiff. Defendant's desire to take possession of the property is outweighed by Plaintiff's legal right to retain possession pending the resolution of the federal lawsuit. There is no significant harm to Defendant in delaying the eviction, while the harm to Plaintiff is severe and immediate.

#### D. Public Interest

The public interest favors granting the TRO to prevent eviction while the underlying legal disputes are resolved. It is in the public's interest to uphold the integrity of the judicial process and ensure that parties are not wrongfully deprived of property rights before a full and fair determination is made.

**IV. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order prohibiting Defendant from evicting Plaintiff from the property located at 16622 E Asbury Aurora CO 80013 until the resolution of the federal lawsuit.
2. Set a hearing for a preliminary injunction.
3. Grant such other and further relief as the Court deems just and proper.

**V. CERTIFICATE OF CONFERENCE**

**January 17, 2025**

Respectfully submitted,

By: /s/allison stanton
Plaintiff, pro se
16622 E Asbury Avenue
Aurora CO 80013
allee.stanton@gmail.com