FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:02 pm, Jan 23, 2025
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Case No. 25-cv-00189-RTG

ALLISON STANTON,

Plaintiff,

v.

ODIN NEW HORIZON REAL ESTATE, LP,

Defendant.

AMENDED COMPLAINT

1. Jurisdiction and Venue

1.1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims arise under the Fifth and Fourteenth Amendments to the United States Constitution for violations of procedural due process. This action addresses fundamental rights under federal law, including notice and an opportunity to be heard (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

1.2. Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), as Plaintiff is a citizen of Colorado, Defendant is a corporate entity organized under the laws of [state] with its principal place of business in COLORADO, and the amount in controversy exceeds $75,000.

1.3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this District, and the subject property is located in Arapahoe, Colorado.

2. Parties

2.1. Plaintiff, Allison Stanton, is an individual residing at 16622 E ASBURY AVENUE, AUROA Colorado, and the tenant of the property located at 16622 E Asbury Avenue, Aurora CO, which is held in the UNAPOLOGETIC MINISTRIES TRUST. Plaintiff holds a legal and equitable interest in the property, supported by a warranty deed.

2.2. Defendant, Odin New Horizon Real Estate, LP, is a [corporation/partnership] organized under the laws of COLORADO with its principal place of business at 355 UNION BLVD #250, LAKEWOOD CO 80228.

3. Factual Background

3.1. The subject property, located at 16622 E ASBURY AVE, AURORA CO 80013 ("the Property"), is held in the UNAPOLOGETIC MINISTRIES Trust, which holds title as evidenced by the deed attached as Exhibit A.

3.2. Plaintiff entered into a valid lease agreement with the Trust on, granting her lawful tenancy rights. A copy of the lease is attached as Exhibit B.

3.3. Plaintiff also holds a warranty deed dated October 19, 2022 evidencing her equitable interest in the Property. The deed is attached as Exhibit C.

3.4. On January 8, 2025, and December 23, 2025 Defendant initiated a forcible entry and detainer action in Arapahoe County, alleging Plaintiff unlawfully possessed the Property, despite her lawful tenancy.

3.5. On January 8, 2025, the County Court issued a Writ of Restitution, directing Plaintiff to vacate the Property.

3.6. Plaintiff alleges that the foreclosure process leading to Defendant's claim was procedurally flawed, violating principles of equity as outlined in Pomeroy's Equity Jurisprudence (§§ 517-519). Specifically, Defendant failed to provide proper notice, misrepresented material facts, and used fraudulent means to acquire title.

3.7. Defendant's conduct violated Plaintiff's rights under the Fifth and Fourteenth Amendments by depriving her of property without due process, in direct conflict with equity's requirement of fair dealing and clean hands.

3.8. Plaintiff's equitable interests, supported by her lease and warranty deed, require this Court to void the Writ of Restitution and protect her possession of the Property.

4. Claims for Relief

Claim I: Violation of Due Process (Fifth and Fourteenth Amendments)

4.1. Plaintiff reasserts all preceding allegations.

4.2. Defendant, acting with the authority of the State, deprived Plaintiff of her property rights without adequate notice or an opportunity to be heard, violating procedural due process.

4.3. Defendant's actions breached equity principles requiring fairness and notice (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306).

4.4. The issuance of the Writ of Restitution was predicated on a flawed process, rendering it void under both constitutional and equitable doctrines.

Claim II: Breach of Lease Agreement

4.5. Plaintiff incorporates all preceding allegations.

4.6. Plaintiff is the lawful tenant of the Property under the lease agreement with the Trust.

4.7. Defendant's actions to forcibly remove Plaintiff from the Property, without lawful cause or proper notice, constitute a breach of the lease agreement and violate Plaintiff's possessory rights.

4.8. Defendant's interference has caused Plaintiff damages, including loss of possession and emotional distress.

Claim III: Fraud

4.9. Plaintiff realleges all preceding paragraphs.

4.10. Defendant knowingly made false representations regarding the foreclosure process, including misstatements about the validity of the sale and Plaintiff's rights under her lease and deed.

4.11. Defendant's misrepresentations were made with the intent to deprive Plaintiff of her lawful interests in the Property.

4.12. Plaintiff relied on these misrepresentations to her detriment, suffering damages as a result.

5. Relief Requested

Wherefore, Plaintiff prays this Court to:

1. Declare the Writ of Restitution issued on January 8, 2025, void and unenforceable.

2. Issue a preliminary and permanent injunction preventing Defendant from dispossessing Plaintiff of the Property.

3. Award Plaintiff compensatory damages exceeding $75,000, including damages for loss of possession and emotional distress.

4. Award punitive damages for Defendant's fraudulent conduct and willful violations of due process rights.

5. Impose a constructive trust on the Property to ensure Defendant holds it for Plaintiff's benefit.

6. Grant Plaintiff reasonable attorneys' fees, costs, and such other relief as this Court deems just and proper.

7. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

---

Certificate of Service

I, Allison Stanton, certify that on January 23, 2025, I served a copy of this Amended Complaint via:

☑ U.S. Mail: ODIN NEW HORIZON REAL ESTATE FUND
355 Union Blvd, Ste 250, Lakewood CO 80228

Respectfully submitted,

Allison Stanton
1622 E Asbury Avenue
Aurora, CO 80013
720.277.8298
Pro Se